IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOUIS ANTHONY TOMASSINI, JR., | ) | |
| Petitioner, | ) | Civil Action No. 13-339 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Susan Paradise Baxter |
| BOBBY L. MEEKS, | ) | |
| Respondent. | ) | |

# **OPINION**[1]

Petitioner is a federal inmate who has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) in which he challenges the length of his placement in a Residential Re-entry Center ("RRC," formerly known as a halfway house). For the reasons set forth below, the petition is denied.

## I.

### A. Relevant Statutory/Regulatory/Policy Background

Several statutes and BOP policies and programs are relevant to Petitioner's case. The BOP designates an inmate's place of imprisonment. In making its designation decision, 18 U.S.C. § 3621(b) requires that the BOP consider: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence concerning the purposes for which the sentence to imprisonment was determined to be warranted, or recommending a type of penal or correctional facility as appropriate; and, (5) any pertinent policy statement by the Sentencing Commission. 18 U.S.C. § 3621(b)(1)-(5).

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

1

18 U.S.C. § 3624, as amended by the Second Chance Act ("SCA"), PL 110-199 (April 9, 2008), provides the BOP with the discretion to determine whether and how long an inmate is to be pre-released to an RRC or home confinement. At subsection (c), it provides, in relevant part:

> **(c) Prerelease custody.**--
>
> **(1) In general.**--The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.
>
> **(2) Home confinement authority.**--The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months.
>
> - - -
>
> **(4) No limitations.**--Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621.

18 U.S.C. § 3624(c)(1),(2), (4).

The SCA directed the BOP to issue new regulations regarding pre-release custody to "ensure that placement in a community correctional facility by the Bureau of Prisons is– (A) conducted in a manner consistent with section 3621(b) of this title; (B) determined on an individual basis; and (C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6). After the SCA was enacted, the BOP adopted regulations, codified at 28 C.F.R. § 570.22, which provide:

> Inmates will be considered for pre-release community confinement in a manner consistent with 18 U.S.C. section 3621(b), determined on an individual basis, and of sufficient duration to provide the greatest likelihood of successful reintegration into the community, within the timeframes set forth in this part.

28 C.F.R. § 570.22.

The BOP has issued a guidance memorandum that advises staff that the primary goal of RRC placement is to reduce recidivism. The memorandum further advises that RRC resources are limited and must focus on those inmates most likely to benefit from RRCs in terms of anticipated recidivism reduction. It explains: "Our strategy is to focus on inmates who are at higher risk of recidivating and who have established a record of programming during incarceration, so that pre-release RRC placement will be as productive and successful as possible." The memorandum also explains that RRCs are most effective, in terms of recidivism reduction, for inmates at higher risk for recidivism. Consequently, appropriate higher-risk inmates should be considered for longer RRC placements than lower-risk inmates. (Resp's Ex. 1g, June 24, 2010, Memorandum.)

42 U.S.C. § 17541(a), also created by the SCA, provides, *inter alia*, that "[the] Attorney General, in coordination with the Director of the Bureau of Prisons, shall, subject to the availability of appropriations, conduct the following activities to establish a Federal prisoner reentry initiative:"

(1) The establishment of a Federal prisoner reentry strategy to help prepare prisoners for release and successful reintegration into the community, including, at a minimum, that the Bureau of Prisons–

- - -

    (D)    ensure that priority is given to the reentry needs of high-risk populations, such as sex offenders, career criminals, and prisoners with mental health problems.

(2) Incentives for a prisoner who participates in reentry and skills development programs which may, at the discretion of the Director, include–

    (A)    the maximum allowable period in a community confinement facility; and

    (B)    such other incentives as the Director considers appropriate (not including a reduction of the term of imprisonment).

(Emphasis added).[2]

---

[2] Petitioner contends that his "status as a recovering addict would put [him] in a group with mental problems." (ECF No. 1 at 4).

Also relevant to Petitioner's case is BOP Program Statement 5330.11, Psychology Treatment Programs, which provides incentives for inmates who complete the Non-Residential Drug Abuse Treatment Program ("NR DAP") and the Residential Drug Abuse Treatment Program ("RDAP.") (Resp's Ex. 1h, Program Statement 5330.11, Chapter 2 at 7, 19). With respect to NR DAP, the Program Statement provides:

> Each Warden is strongly encouraged to approve inmates who successfully complete the non-residential drug abuse program for the maximum of RRC placement. On occasion, administrative factors (e.g., bed space limitations at an RRC) or community safety concerns (*i.e.*, exclusionary criteria) occur that require consideration for a RRC placement of more or less than the recommended number of days. When this occurs, the goal for both the Warden and Community Corrections Manager (CCM) is to seek the best possible placement for the RRC period without negatively impacting bed space limitations in contract facilities or jeopardizing community safety.

(Id., Chapter 2 at 7). With respect to RDAP completion, Program Statement 5330.11 provides:

> (a) An inmate may receive incentives for his or her satisfactory participation in the RDAP. Institutions may offer the basic incentives described in paragraph (a)(1) of this section. Bureau-authorized institutions may also offer enhanced incentives as described in paragraph (a)(2).
>
> (1) Basic incentives . . .
>
> (ii) Consideration for the maximum period of time in a community-based treatment program, if the inmate is otherwise eligible.

(Id., Chapter 2 at 19).

## B.    Relevant Factual Background

On May 19, 2010, Petitioner was sentenced in the United States District Court for the Northern District of New York to a 90-month term of imprisonment, with a five year term of supervised release for Conspiracy to Possess With Intent to Distribute and to Distribute Marijuana and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 925(c)(1)(A). Upon imposition of his sentence, the court recommended that Petitioner participate in a

4

substance abuse treatment program while he is imprisoned. The court made no recommendations regarding community programming or RRC placement. (Resp's Ex. 2a, Judgment and Commitment Order.)

On December 7, 2012, the BOP designated Petitioner to the federal prison in McKean, Pennsylvania, which is within the territorial boundaries of the Western District of Pennsylvania. The following month, Petitioner commenced the RDAP. (Resp's. Ex. 1d). Several months later, his Unit Team at FCI McKean considered him for placement in an RRC, taking into account the five factors set forth at 18 U.S.C. § 3621(b). (Resp's Ex. 2b, Community Programming Consideration Worksheet, at 1). In considering the factors, the Unit Team noted that: (1) Petitioner was serving a 90-month sentence for convictions associated with marijuana distribution and possessing a firearm; (2) he completed the 40-hour NR DAP, completed his payments under the inmate Financial Responsibility Program, and maintained clear conduct while incarcerated; (3) neither the sentencing court nor the Sentencing Guideline Commission issued any statements relevant to his RRC placement consideration; and (4) he was completing the RDAP program and he was deemed to be inappropriate for a direct placement from FCI McKean to home confinement due to his need for post-RDAP Transitional Drug Abuse Treatment at an RRC. After a review of Petitioner's circumstances, the Unit Team recommended that Petitioner be considered for a 180-day RRC placement after his completion of the RDAP program. (Id.)

Petitioner's Unit Manager subsequently received a request from him in which he asked that he be considered for a full 12-month, rather than 180-day, RRC placement or home confinement placement so he could continue with drug treatment programming and strengthen his community support system. Petitioner stated that he is a millwright and needs additional training in his field due to technological advances. (Resp's Ex. 2c at 1-2, Inmate Request to Staff).

In her response, the Unit Manager explained to Petitioner:

5

> Placement in a RRC is designed to provide transition for inmates reintegrating into society near the end of their sentences. Pursuant to Program Statement 7310.04, <u>CCC Utilization and Transfer Procedures</u>, when evaluating an inmate for RRC placement, a number of factors are weighed in determining recommendation for placement. Determinations are based on the individual's needs, existing community resources, institutional adjustment, length of sentence, and the need to provide for the safety and security of the general public. Inmates are also considered under the Second Chance Act which looks at the resources of the facility, nature and circumstances of the offense, history and characteristics of the inmate, statement of the court imposing the sentence, and any pertinent policy statement by the U.S. Sentencing Commission.
>
> Your unit team considered your individual situation programming and transitional needs pursuant to the above criteria and recommended a 180 day RRC placement. The unit team noted you have community support and notable work skills to assist your transition back in the community. Therefore, the unit team used their discretion in recommending a six month RRC placement. This recommendation is determined to be sufficient to provide you the greatest likelihood of successful reintegration into the community.

(Resp's Ex. 2d, Unit Manager's Revised Response).

After having no success in his administrative remedy appeal, Petitioner commenced habeas proceedings in this Court by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) in which he challenges the length of his placement in an RRC. Respondent has filed an Answer (ECF No. 11) in which he contends that the petition should be denied.

**C.      Discussion**

A district court may only extend the writ of habeas corpus to an inmate if Petitioner demonstrates that "[h]e is in [Bureau] custody in violation of the Constitution or laws of the United States." 28 U.S.C. § 2241(c)(3). Thus, habeas relief is available in this case only if Petitioner were to show a violation of the Constitution or federal law, not merely that he disagrees with a BOP decision that is within its discretion to make. <u>Id.</u>; <u>see</u>, <u>e.g.</u>, <u>Marshall v. Lansing</u>, 839 F.2d 933, 949-50 (3d Cir. 1988).

As explained above, 18 U.S.C. § 3624 provides the BOP with the discretion to determine whether and how long an inmate is to be pre-released to an RRC provided such pre-release confinement

is practicable and the BOP considers § 3621(b)'s factors on an individual basis. 18 U.S.C. § 3624(c); 28 C.F.R. § 570.22. Petitioner has no substantive right to any particular length of time in an RRC. Id.; See Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 244-51 (3d Cir. 2005) (in exercising its discretion to make halfway house placement decisions, the Bureau must consider the factors set forth in § 3621(b); "[h]owever, that the [Bureau] may assign a prisoner to a halfway house does not mean that it must."); Levine v. Apker, 455 F.3d 71, 80 (2d Cir. 2006) (Congress's use of the language "may designate" in § 3621(b) endows the BOP with broad discretion). See Marshall, 839 F.2d at 949-50 (the discretionary decision made by the Parole Commission where to place an individual within the range specified by the appropriate guideline was not reviewable. It is well established that the United States Constitution does not confer any right upon an inmate to any particular custody or security classification. See, e.g., Powell v. Weiss, 757 F.3d 338, 342 (3d Cir. 2014) (quoting Montanye v. Haymes, 427 U.S. 236, 242 (1976) for the proposition that "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight."). See Beckley v. Miner, 125 F.App'x 385, 389 (3d Cir. 2005) ("It is well settled, and the parties agree, that the Bureau has nearly exclusive jurisdiction to classify and transfer prisoners."). Section 3624 does not mandate a particular method or procedure that the BOP must follow when making its decision, as long as the criteria set forth at § 3621(b) are considered. See, e.g., Woodall, 432 F.3d at 244-49 (the BOP may not categorically remove its ability to consider the explicit factors set forth by Congress in § 3621(b) for making placement and transfer determinations).

This Court may only evaluate the BOP's decision regarding RRC placement to determine if it abused its discretion by not adhering to the requirements of the applicable law. Vasquez v. Strada, 684

F.3d 431, 434 (3d Cir. 2012); Woodall, 432 F.3d at 244-49; Marshall, 839 F.2d at 942-51 (district court's authority to ensure that an agency adheres to the law does not permit it to displace the agency's decisionmaking process; the role of the court is limited to ensuring that the agency follows the law and its regulations (which have the force of law)).

Petitioner has not demonstrated that the BOP abused its discretion, acted "arbitrarily and capriciously," violated any federal constitution right, any federal statute, or the relevant regulations when it made the challenged RRC placement decision. He was properly considered for RRC placement after an evaluation of his individual circumstances against the factors set forth in § 3621(b). There is no basis for this Court to disturb the BOP's determination, which was a valid exercise of its discretion.

## II.

For the reasons set forth above, the petition for a writ of habeas corpus is denied. An appropriate order follows.[3]

Dated: March 19, 2015          /s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

---

[3] Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253(as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc), abrogated on other grounds by Gonzalez v. Thaler, 132 S.Ct. 641 (2012); 28 U.S.C. § 2253(c)(1)(B). As such, this Court makes no certificate of appealability determination in this matter.